DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on the judgment of the Toledo Municipal Court which, following a trial to the court, awarded appellee, Jeffrey T. Urbanski, judgment in the amount of $4,343.36, plus interest and court costs, against appellant, Douglas Nuding. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant signed a promissory note, secured by a mortgage on real estate, on August 17, 1990, in the amount of $16,000. The note stated that appellant was to pay $230, or more, on the 17th of each month, until the debt was fully paid. Interest was to accrue annually at the rate of 13 percent, unless appellant defaulted on his payments, at which time interest would accrue at 16 percent per annum. According to the evidence presented, appellee paid the real estate taxes and the house insurance, and appellant was to reimburse appellee monthly for these payments. According to the tax and insurance records provided, taxes were $560.66 annually, and insurance was $168 annually. Appellant was also required to pay $150 in closing costs, in addition to the $1,200 down payment he tendered.
 {¶ 3} Appellant made payments, in varying amounts, from September 1990 until July 2001. According to the payment booklet, admitted into evidence, appellant was properly credited with each payment toward interest, principal, taxes, and insurance. On July 13, 2001, there was a balance due on the note of $2,815.78.
 {¶ 4} Because appellant had stopped making regular payments in July 2001, the trial court calculated the accrued interest, at a rate of 16 percent per annum, and credited appellant with all payments made after July 2001. The trial court computed that, at the time appellee filed his complaint, appellant owed a balance of $2,722.09. By adding in the total taxes and insurance paid by appellee, for which he had not yet been reimbursed, the trial court computed the total balance owed to appellee to be $4,343.36. Appellant timely appealed the decision of the trial court.
 {¶ 5} Although appellant's brief does not fully comply with the Rules of Appellate Procedure, we nevertheless will address the substance of appellant's appeal. From appellant's brief, we discern that appellant argues that (1) the trial court abused its discretion in refusing to admit a document prepared by an independent third-party mortgage broker, who was not present to testify; (2) the judgment is against the manifest weight of the evidence; and (3) that the trial court erroneously computed the balance due on the mortgage and, rather than computing the amount itself, should have ordered appellee to submit an accurate account of the mortgage loan account.
 {¶ 6} The trial court has broad discretion regarding the admissibility of evidence. Beard v. Meridia Huron Hospital,106 Ohio St.3d 237, 2005-Ohio-4787, at ¶ 20, citing, State v.Hymore (1967), 9 Ohio St.2d 122, 128. A decision to admit or exclude evidence will be upheld absent an abuse of the trial court's discretion. O'Brien v. Angley (1980),63 Ohio St.2d 159, 164-165. Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected substantial rights or is inconsistent with substantial justice. Id.
 {¶ 7} At trial, appellant attempted to have admitted an accounting prepared by Terrence Dorsey, a licensed mortgage agent with National City Mortgage. Dorsey was not present to testify or authenticate the document. Evid.R. 802 states that hearsay is not admissible, except as otherwise constitutionally or statutorily permitted. Evid.R. 801(C) states, "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." We find that the trial court did not abuse its discretion by excluding the document in question, as it was inadmissible hearsay evidence.
 {¶ 8} Appellant also argues that the judgment was against the manifest weight of the evidence, and that the trial court incorrectly calculated the balance due on the note. In deciding whether a judgment is against the manifest weight of the evidence in a civil action, an appellate court must limit its review to a determination of whether there exists "some competent, credible evidence going to all the essential elements of the case." C.E.Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 9} Upon a thorough review of the record, we find that the judgment of the trial court was supported by the evidence in the record. Appellee correctly credited appellant's account with each payment toward interest, principal, taxes, and insurance. Appellant argued that $230 of each monthly payment should have been credited toward interest and principal. We find, however, that the taxes and insurance were paid for off the top of each monthly payment. As such, appellant did not make a $230 interest and principal payment every month. This deficiency accounts for the discrepancy between the amount appellant believed he still owed on the note, as of July 2001, and the balance due, as referenced by the payment booklet maintained by appellee. We further find that the trial court's computation of accrued interest, at 16 percent per annum, credit for payments made, and balance due for reimbursement for taxes and insurance, was correct.
 {¶ 10} Based on the foregoing, we find appellant's arguments are without merit and are found not well-taken. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.